Following the hearing before Deputy Commissioner Hoag on 10 June 1997, plaintiff's health insurance carrier, Blue Cross and Blue Shield of North Carolina, hereinafter BCBS, filed an Industrial Commission Form 33. On this Form 33, BCBS contended that it was entitled to reimbursement for medical expenses it had paid for treatment of plaintiff's knee. Defendants then filed an Industrial Commission Form 33R contending that BCBS was not entitled to reimbursement because the claim had been denied.
On 24 November 1997, BCBS, filed a motion for discovery. Deputy Commissioner Hoag filed an initial Order on 3 December 1997 granting the motion and shortening the time for defendants to respond to 1 December 1997. Given that this date had obviously already expired, the Deputy Commissioner filed a second Order on 10 December 1997 granting defendants an extension through 15 December 1997. This Order was not received by defendants until 16 December 1998. However by this time, plaintiff and defendants had entered into a Compromise Settlement Agreement which was forwarded to the Deputy Commissioner. By letter of 30 March 1998, the Deputy Commissioner declined to approve the Compromise Settlement Agreement pending the resolution of the issues raised by BCBS.
After a careful review of the procedural history and relevant documents, the Full Commission has determined that, in the interest of justice, plaintiff's and defendants' Compromise Settlement Agreement should have been approved. Accordingly, the Full Commission VACATES all prior Orders by the Deputy Commissioner and enters the following Order Approving Compromise Settlement Agreement.
 ***********
A Compromise Settlement Agreement was executed by the parties on 17 December 1997 and thereafter submitted to the Industrial Commission.
After giving due consideration to all matters involved in this case, and upon defendants' stated or implied representation that all pertinent medical reports have been submitted with the agreement to the Commission as required by Rule 502, the undersigned are of the opinion that the compromise settlement agreement is fair and equitable and probably in the best interest of plaintiff and defendants. Said agreement is incorporated herein by reference and is approved in the amount of $15,000.00. Compliance with the terms of the agreement shall discharge defendants from further liability under the Workers' Compensation Act by reason of the injury giving rise to this claim.
Because it appears to the Commission that the liability of defendants for the unpaid medical expenses is legitimately in dispute, an injustice would result if defendants must undertake to pay these expenses prior to approval of this agreement as the case would not then reach a settlement. Therefore, the Commission exercises its discretion pursuant to Industrial Commission Rules 502(2)(b) and 801 to waive the obligation, if any, of defendants to pay all unpaid medical expenses as a part of this agreement.
An attorney's fee in the amount of $3, 750.00 is approved for plaintiff's attorney's, to be deducted from the sum due plaintiff and paid directly thereto.
It is to be noted, however, that this Order does not purport to approve, resolve or address any issue or matter over which the Industrial Commission has no jurisdiction, whether or not such issue or matter is raised in the compromise settlement agreement executed by the parties in this action.
Defendants shall pay the costs.
 S/_________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/______________________ RENÉE C. RIGGSBEE COMMISSIONER
S/______________________ THOMAS J. BOLCH COMMISSIONER